## S. D. STONE VS. THE STATE.

### COURT OF APPEALS AUSTIN TERM, 1882.

Evidence—Erroneous Exclusion of.—In a prosecution for theft, the State having shown in evidence the peculiarity of footprints, which were followed from the place where the offense was committed to within a short distance of defendant's house, it was error to exclude testimony of defense showing description of shoes worn by defendant a short time prior to and the day after the alleged offense.

Appeal from Brown county.

Opinion by White, P. J.

In corroboration of the State's witness, Wooldridge, another witness for the State (Prather) had testified to tracks found about his corn crib just after the date of the alleged

theft, and notably about a certain footprint or track made by a shoe or boot which could be easily distinguished from the others "because it was full of tack prints," and which particular track had been followed and trailed by the witness in the direction and to within a short distance of defendant's house. Defendant proposed to prove by his witness, DeBusk, who testified that he saw the tracks the day after the theft, what kind of shoes the defendant wore a short time prior to, and the day after the alleged offense, and what kind and description of shoes defendant had. This evidence was objected to by the prosecuting officer and excluded by the court. We are at a loss to know upon what grounds the court would, could and did exclude this evidence. It was certainly pertinent, and called for by the testimony introduced by the State, and defendant had a perfect right if he could do so, to show that he had never worn and did not possess shoes or boots which could make tracks full of "tack prints," which was the principal fact against him tending to corroborate the accomplice who had turned State's witness, independent of the statements of the accomplice's wife.

For error in the ruling of the court, excluding this evidence the judgment is reversed and cause remanded for a new trial.